The document below is hereby signed.

Signed: October 13, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                            )
                                 )
DIANA LIVERPOOL,                 )    Case No. 19-00462
                                 )    (Chapter 13)
           Debtor.               )    Not for publication in
                                      West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION
TO DETERMINE VALUE OF PROPERTY SECURING AN ALLOWED CLAIM

The debtor has filed a motion (Dkt. No. 19) to determine $6,417.00 to be the value of a 2009 BMW X5 that secures a debt owed to Westlake Services, LLC dba Westlake Financial Services ("Westlake"). However, 11 U.S.C. § 506(a)(2) requires that the value "be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing," and if the car was acquired for personal, family or household purposes, "replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." The debtor's motion

does not address what the value is using those standards. It attaches an NADA Guides Value Report dated June 18, 2019 (shortly before the July 13, 2019 date of the debtor's petition) showing a Clean Retail value of $9,150, a Clean Trade-In value of $7,000, an Average Trade-In Value of $5,800, and a Rough Trade-In Value of $4,375. In contrast, Westlake's proof of claim includes a Kelly Bluebook printout for the week of July 12, 2019 (the week the debtor filed the petition commencing the case), showing a retail valuation of $8,761.00 (the result of $9,589.00 less an $828.00 adjustment based on the car having 161,634 miles on it).

Consistent with that valuation, Westlake's proof of claim lists the value of the car as $8,761.00. Although the proof of claim lists the entire debt owed as of the petition date, $13,884.99, as a secured claim, a creditor's claim that is secured by a lien on property of the estate is an allowed secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. 11 U.S.C. § 506(a). Accordingly, Westlake has a secured claim of no more than $8,761.00. I will decree that Westlake has an allowed secured claim of no more than $8,761.00.

The motion also seeks to fix an interest rate to be paid to Westlake. However, that is a plan issue to be addressed under the debtor's proposed plan, not a valuation issue.

For the foregoing reasons, it is

ORDERED that within 17 days after entry of this order, the debtor may file a supplement to the debtor's motion showing what the value of the vehicle is under the valuation standards set forth in 11 U.S.C. § 506(a)(2), that otherwise the request to set the value of the car as being $6,417.00 will be denied without prejudice, and that within 17 days after the timely filing of any such supplement, Westlake may file a response.  It is further

ORDERED that the motion is partially granted as follows: Westlake's allowed secured claim is fixed as being no more than $8,761.00 pursuant to the value listed on Westlake's proof of claim (but without prejudice to the debtor's showing that the value is less than $8,761.00).  It is further

ORDERED that the request to fix an interest rate is denied without prejudice to addressing in a plan the rate of interest to be paid on the allowed secured claim under such plan.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.